B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Haydee Rivera Arzuaga | **DEFENDANTS**<br>Cooperativa Ahorro y Credito Arecibo (COOPACA)<br>Alejandro Oliveras Rivera as<br>Chapter 13 Trustee |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Roberto Figueroa Carrasquillo<br>USDC #203614<br>RFigueroa Carrasquillo Law Office PSC<br>PO Box 186 Caguas PR 00725   Tel 787-744-7699/787-963-7699 | **ATTORNEYS** (If Known)<br>Juan A. Santos Berrios, Esq<br>Santos Berrios Law Office<br>PO Box 9102 Humacao PR 00792-9102 |
| **PARTY** (Check One Box Only)<br>☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☑ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
FRBP 7001(2) to determine validity of a conditional sales contract lien as per Claim No 3-1 and under 11 U.S.C. 362(a)(3) to claim damages for violation of automatic stay.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☑ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $20,000.00 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Haydee Rivera Arzuaga | BANKRUPTCY CASE NO.<br>21-02085/ESL13 ||
| DISTRICT IN WHICH CASE IS PENDING<br>District of Puerto Rico | DIVISION OFFICE<br>Old San Juan | NAME OF JUDGE<br>Hon Enrique S. Lamoutte |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF<br>NONE | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>[signature] |||
| DATE<br>October 8, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Roberto Figueroa Carrasquillo     USDC#203614 ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>HAYDEE RIVERA ARZUAGA<br><br>DEBTOR | CASE NO 21-02085 ESL<br><br>CHAPTER 13<br><br>ADV. PROC. NO. |
| HAYDEE RIVERA ARZUAGA<br><br>PLAINTIFF<br><br>V.<br><br>COOPERATIVA AHORRO Y CREDITO ARECIBO (COOPACA);<br>ALEJANDRO OLIVERAS RIVERA, as CHAPTER 13 TRUSTEE<br><br>DEFENDANTS | TO DETERMINE THE VALIDITY OF A LIEN<br>FRBP 7001(2)<br><br>CLAIM FOR VIOLATION OF STAY<br>11 U.S.C. SECTION 362(a)(3) |

## COMPLAINT

**TO THE HONORABLE COURT:**

COME NOW, **HAYDEE RIVERA ARZUAGA**, the Debtor in the above captioned case, through the undersigned attorney, and very respectfully states and prays as follows:

### I. INTRODUCTION AND NATURE OF REMEDY REQUESTED

1. This proceeding is brought by the Plaintiff requesting the Court, pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure ("FRBP"), to determine the validity of a conditional sales contract lien allegedly held by Defendant Cooperativa Ahorro y Credito Arecibo ("COOPACA") over Plaintiff's motor vehicle. The Plaintiff also claims under 11 U.S.C. 362(a)(3) that the Defendant violated the automatic stay and requests compensatory damages. In support of this Complaint, Plaintiff states as follows.

## II. JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(b). This action is a core proceeding.

## III. PARTIES

3. Plaintiff Haydee Rivera Arzuaga is the Debtor in the above captioned Chapter 13 bankruptcy case, Case No. 21-02085 ESL13, U.S. Bankruptcy Court for the District of Puerto Rico.

4. Defendant COOPACA is a listed creditor in the above captioned bankruptcy case, having filed a secured Claim No. 3-1. *See*: *Proof of Claim No. 3-1 Official Form 410*.

5. Alejandro Oliveras Rivera, Esq., is the appointed Chapter 13 Trustee, in the above captioned bankruptcy case.

## IV. FACTS:

6. On May 17, 2019, the Plaintiff/Debtor and her then spouse Freddie Prado Claudio, R.I.P., acquired a 100% property interest in a 2019 Toyota Highlander motor vehicle, VIN 5TDZARFH6KS049676, (hereinafter "the Motor Vehicle").

7. To purchase the Motor Vehicle, the Plaintiff/Debtor and her spouse obtained a loan with First Bank Puerto Rico and on that same date, May 17, 2019, the parties executed a conditional sales contract number 4893010.

8. The aforementioned conditional sales contract was duly recorded at the Department of Transportation and Public Works of Puerto Rico, ("DTOP"), creating a lien in favor of First Bank Puerto Rico. *See*: Copy of the Motor Vehicle's car registration, attached to COOPACA's Claim No. 3-1, page 6, attached as Exhibit "A".

9. On or about December 07, 2020, COOPACA offered the Plaintiff/Debtor a

refinancing of the aforementioned car loan, whereby COOPACA would grant a new loan with a lower interest rate and lower monthly installments, thus, cancelling ("payoff") the original automobile loan with First Bank Puerto Rico.

10. On December 07, 2020, the Plaintiff/Debtor, her spouse and COOPACA executed a conditional sales contract number x2963, in the sum of $30,887.39, at an interest rate of 4.750%, and 66 monthly installments of $533.00.

11. On or about December 17, 2020, from the proceeds of the COOPACA's loan, COOPACA sent a check to First Bank Puerto Rico to cancel ("payoff") the original loan, and on or about January 14, 2021, the original loan was cancelled. On a later date, First Bank Puerto Rico sent via regular mail to the Plaintiff/Debtor a "check for payoff surplus" for approximately $65.00.

12. On July 07, 2021, the Plaintiff/Debtor filed the present Chapter 13 bankruptcy case.

13. COOPACA was listed as an unsecured creditor in the Plaintiff/Debtor's Chapter 13 bankruptcy case.

14. On July 08, 2021, at 8:55 AM, COOPACA called the Plaintiff/Debtor via telephone (787-878-2095) to inform the Plaintiff that since a bankruptcy case had been filed by the Plaintiff/Debtor, COOPACA would immediately proceed with the repossession of the Motor Vehicle.

15. As of September 13, 2021, the DTOP registry of liens gives notice that the Motor Vehicle has a conditional sales contract lien in favor of First Bank Puerto Rico and that here is no lien in favor of COOPACA. See: attached copy of Certified Translation of *Vehicle Information Report* issued by DTOP on September 13, 2021, attached as Exhibit "B"

## V. ARGUMENT:

### A. A secured creditor must file evidence of having a perfected security interest with its proof of claim

16. Under Rule 3001(d) of the Federal Rules of Bankruptcy procedure ("FRBP"), if a creditor claims that it has a security interest in property of the debtor, the creditor's proof of claim shall be accompanied by evidence that the security interest has been perfected.

17. In its Proof of Claim (Claim No. 3-1), COOPACA attaches as evidence of its security a copy of a conditional sales contract and a copy of the Motor Vehicle's registration with DTOP.

18. COOPACA's copy of the conditional sales contract dated December 7, 2020, does not reflect that the same is duly recorded at the DTOP.

19. A certification obtained by the Plaintiff from the DTOP, shows that COOPACA did not record its conditional sales contract, prior to the filing of the Plaintiff's bankruptcy petition (July 07, 2021). *See*: copy of Certified Translation of *Vehicle Information Report* issued by DTOP on September 13, 2021, attached as Exhibit "B".

20. The copy of the Motor Vehicle registration attached by Defendant as evidence to its Claim No. 3-1, shows that the conditional sales contract encumbering the Motor Vehicle pertains to First Bank Puerto Rico' conditional sales lien.

21. Once a proof of claim loses the presumption of validity, due to failure to comply with the documentation requirements of Bankruptcy Rule 3001(c) and (d), the claimant bears the burden of proof to show it holds a perfected security interest in property of the debtor.

22. In the present case, COOPACA has failed to show that it holds a perfected

security interest in property of the Plaintiff/Debtor.

### B. Under State Law, a conditional sales contract lien is created when the same is recorded at DTOP.

23. Under Article VIII Section 9 of the *Regulation for Assessment and Cancellation of Liens Under Law 22 Motor Vehicles of Puerto Rico*, Number 8645, September 15, 2015, in order for a secured creditor to hold a lien in a personal property of a debtor, which serves as guarantee for a secured obligation, a lien has to be recorded ("created").

24. Article VIII Section 9 of said Regulation also states that a conditional sales lien will terminate when the principal obligation is paid.

25. In the present case, COOPACA failed to record its conditional sales contract at the DTOP as required by Law. *See*: Exhibit "B".

26. COOPACA cannot claim a security interest in the Motor Vehicle since, under the law of Puerto Rico, its claim lacks evidence of perfection of its security.

### C. Collection efforts made by a listed creditor after a debtor has filed for bankruptcy violate the stay order

27. Section 362 of the Bankruptcy Code, 11 U.S.C. §362, provides the bankruptcy debtor a stay applicable to all entities of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case, or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case, and of any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case.

28. The filing of a bankruptcy petition effectuates the automatic stay of Section

362(a) of the Bankruptcy Code, protecting the debtor and the estate from most creditor actions.

29. In the present case, after having filed the above captioned Chapter 13 case, on July 8, 2021, the Plaintiff/Debtor received a telephone call from the Defendant (phone number 787-878-2095) at 8:55 AM.

30. The Defendant called the Plaintiff/Debtor with the willful intention to collect/harass her [the Plaintiff] solely based on the fact that the Plaintiff/Debtor had filed a bankruptcy petition, insisting that due to the aforementioned bankruptcy filing, the Defendant was going to immediately proceed with the repossession of the Motor Vehicle.

31. Notwithstanding that Defendant its employee(s), agent(s), sub-agents(s), servicer(s), sub-servicer(s), special servicer(s) and/or contractor(s) knew of the filing of the Plaintiff/Debtor's bankruptcy petition and having been informed that Defendant is stayed by law from trying to obtain possession of property of the estate, the Defendant contacted the Plaintiff/Debtor to repossess its alleged collateral and/or to harass the Plaintiff/Debtor and/or to collect its alleged secured claim by enforcing an alleged lien that it does not hold.

32. The Defendant acted with knowledge that the Plaintiff had filed a bankruptcy petition and with knowledge that such acts constitute a willful and egregious violation of the automatic stay provisions set forth by the Bankruptcy Code.

33. The actions perpetrated by Defendant are a clear and willful violation of Bankruptcy Law and of the automatic stay order in effect, issued by the Bankruptcy Court for the District of Puerto Rico, in the above captioned bankruptcy case.

**V. FIRST CLAIM:**

34. The allegations of paragraphs 1-33 above are re-alleged and are incorporated herein by reference.

35. To the extent COOPACA is claiming a security or a secured classification based on a conditional sales contract lien which lien has not been recorded at the DTOP, COOPACA's lien is not a valid or perfected lien.

36. To the extent COOPACA is claiming a security or a secured classification based on a conditional sales contract lien which lien is not recorded at the DTOP, COOPACA's lien is not a valid or perfected lien and, therefore, COOPACA's Claim No. 3-1 in the sum of $28,089.10 **must be classified as a partial secured claim in the sum of $120.00 from shares/deposits collateral security and as a "general unsecured claim" in the sum of 27,969.10**, in the above captioned bankruptcy case.

## VI. SECOND CLAIM:

37. The allegations of paragraphs 1-33 above are re-alleged and are incorporated herein by reference.

38. The post-petition actions perpetrated by Defendant against the Plaintiff/Debtor are a clear and willful violation of Bankruptcy Law and of the automatic stay order in effect, issued by the Bankruptcy Court for the District of Puerto Rico in the above captioned bankruptcy case.

39. The Defendant's illegal actions have caused damages, inconveniences and injuries to the Plaintiff.

## VI. PRAYER FOR RELIEF

40. Wherefore, Plaintiff/Debtor prays that this Court enter a Judgment in favor of the Plaintiff/Debtor and against the Defendant as follows:

(a) declaring that COOPACA's alleged conditional sales contract lien over the Motor Vehicle is not a valid lien since the Defendant's conditional sales contract is not properly recorded and thus, under the Puerto Rico Law, COOPACA does not hold a valid lien to evidence a secured claim classification;

(b) declaring that COOPACA's claim is to be classified as a partially secured claim in the sum of $120.00 and as a general unsecured claim in the sum of $27,969.10, in the above captioned bankruptcy case;

(c) award Plaintiff, pursuant to 11 U.S.C. Section 105 (a) and 362(k), damages in an amount of not less than $10,000.00, punitive damages in an amount of $10,000.00, and award all costs and attorneys fees pursuant to 11 U.S.C. §362(k); and

(d) granting such other or further relief as is appropriate.

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court grant the present complaint, granting such and further relief as is appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 8th day of October, 2021.

*/s/Roberto Figueroa Carrasquillo*
**USDC #203614**
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
**ATTORNEY FOR the PLAINTIFF/DEBTOR**
**PO BOX 186 CAGUAS PR 00726-0186**
**TEL. 787-744-7699787-963-7699**
**EMAIL: rfc@rfigueroalaw.com**

**GOBIERNO DE PUERTO RICO**
DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS
DIRECTORIA DE SERVICIOS AL CONDUCTOR
PERMISO PARA VEHÍCULOS DE MOTOR O ARRASTRES

www.dtop.gov.pr
1056

Relación de Multas Administrativas
La siguiente relación incluye los boletos de multas administrativas que se han expedido contra el dueño del vehículo. Estas multas deberán ser pagadas al

| BOLETO | FECHA | CANTIDAD | MUN. | ORDEN O LEY |
|---|---|---|---|---|

2019 TOYOTA HIGHLANDER LE BLANCO
Automovil(Privado) , Auto Privado
Descripción y Clasificación de Vehículo

| 11855058 | 17may2019 | JGI521 | 11907254 |
|---|---|---|---|
| Registración | Fecha Registro | Tablilla | Título |

| 2019 | TOYT | HGH | BLA | *4 | *4 | *185 |
|---|---|---|---|---|---|---|
| Año | Marca | Modelo | Color | Puertas | Cilin | Cab Fuerza |

5TDZARFH6KS049676         0                                    0
VIN (Número de Serie)    Peso Desc.          Capacidad de Carga
   SJ0608    FBANK=== 4893010======   $ 29,023.27
Dealer              Venta Condicional        Precio Contributivo
jun 2020 a may 2021    088516669    31 may 2021
Vigencia               Marbete          Expiración

RIVERA ARZUAGA, HAYDEE
VILLAS DE SAN CRISTOBAL II
404 CALLE ILAN # B-16
LAS PIEDRAS, PR 00771-9246

Dueño del Vehiculo y Dirección Postal
URB VILLAS SAN CRISTOBAL II
CALLE ILAN ILAN B-16
LAS PIEDRAS, PR 00771

Operador # 203
Fecha 9/30/...

| Multas | $ 0.00 |
|---|---|
| Derechos Anuales | $ 44.00 |
| ACAA | $ 35.00 |
| Seguro Oblig | $ 99.00 |
| Centro de Trauma | $ 2.00 |
| Importe Total | $ 180.00 |

Dirección Residencial, solo si es diferente a Postal
   $ 0.00              2560361
Precio de Venta         Licencia        Estación de Inspección
20200505-17440200-387-9990-9990-000000000            53778419

REQUIERE INSPECCION VEH. DE MAS DE DOS AÑOS FABRICADO

¿Desea usted donar a favor de la UPR?
☐ $1.00    ☐ $5.00    ☐ $10.00
☐ Otra cantidad: _____

Método de pago:
☐ Efectivo    ☐ Mastercard    ☐ Visa

Esta es tu nueva y conveniente NOTIFICACIÓN

Podrá utilizar esta notificación de la misma manera que la tradicional forma impresa.

Ahora podrás adquirir tu marbete en:
· Institución Financiera (Banco o Cooperativas)
· Colecturías
· Estaciones Oficiales de Inspección

Recuerde presentar ambos documentos
ORIGINAL-DUEÑO / COPIA-PUNTO DE

**INSTRUCCIONES AL CONTRIBUYENTE**
1. Notifique cambios residencia y postal dentro de sesenta (60) días siguiente al cambio.
2. Conserve el original del recibo de pago de boleto de multas, es su mejor evidencia de pago.
3. Devuelva la tablilla, licencia y título, si aplica, al Departamento cuando se haya dispuesto del vehículo como chatarra o abandonado por inservible, según requerido en el artículo 2.13 de la Ley 22. Evite que otras personas puedan hacer uso ilegal de las mismas.
4. Vehículo uso comercial con más de 10,000 libras, que transporte materiales y sustancias peligrosas o más de 10 personas deberán cumplir con los requisitos de la Comisión de Servicios Públicos.
5. Radique en el Centro de Servicios al Conductor (CESCO) el traspaso de su vehículo dentro de los diez (10) días de formalizado (endosado o notariado) y presentará un Sello de Rentas Internas por el valor de diez (10) dólares. [Artículo 3.34 (e)]
6. Pasado diez (10) días y hasta 30 días de formalizado, pagará diez (10) dólares en Sellos de Rentas Internas, más diez (10) dólares por traspaso tardío. [Artículo 2.34] Después de los treinta (30) días pagará diez (10) dólares en Sellos de Rentas Internas, más diez (10) dólares de traspaso tardío, más cinco (5) dólares por cada mes o fracción de mes que dejare de realizarlo.

DTOP-DIS-234
Rev. 05/2020

[Logo:]
DiSCO
office of driver services

GOVERNMENT OF PUERTO RICO
DEPARTMENT OF TRANSPORTATION AND PUBLIC WORKS
OFFICE OF DRIVER SERVICES
Motor Vehicles Division

**Office:** Digital Driver Services Center

## VEHICLE INFORMATION

**Date:** 13 Sep 2021

| | |
|---|---|
| **Identification:** | RIVERA ARZUAGA, HAYDEE |
| | SSN: XXX-XX-4059 |
| **Home Address:** | URB VILLAS SAN CRISTOBAL II |
| | CALLE ILAN ILAN B-16 |
| | LAS PIEDRAS 00771 |
| **Mailing Address:** | VILLAS DE SAN CRISTOBAL II |
| | 404 CALLE ILAN # B-16 |
| | LAS PIEDRAS 00771-9246 |
| **Vehicle:** | Description: 2019 TOYOTA HIGHLANDER LE WHITE |
| | VIN: 5TDZARFH6KS049676 |

Expiration Date: 31 May 2022
Registration Sticker No. 31172325
Registration Date: 17 May 2019
Registration: 11855058
License Plates: JGI521
Title: 11907254
Price: 0.00
Lending Institution: FBANK (No

**Encumbrances:**

Lien (Conditional Sale)

[Stamp:]
DTOP
[Department of Transportation
and Public Works]

[Signature]
Signature of official or
authorized representative

**Notice**
This report is invalid without the signature or seal of a [DTOP/DISCO] official

If this certification or report will be used for official Institutional purposes, validation will require payment of all statutory fees,
except in the case of State and Federal Cooperatives, which are exempt.

387 - 9090 - 13907 - 13 - SEP - 2021 – 01:33:26

**Notice**
This report is invalid without the signature or seal of a DTOP/DISCO official

If this certification or report will be used for official Institutional purposes, validation will require payment of all statutory fees, except in the case of State and Federal Cooperatives, which are exempt.

387 - 9090 - 13907 - 13 - SEP - 2021 – 01:33:26

Page 2 of 2

## CERTIFICATE OF TRANSLATOR # JF-2021-142

I am a United States court-certified interpreter, and I CERTIFY that the above is a faithful translation of the Spanish source, which I have performed to the best of my ability. It consists of three (3) pages, including this certification sheet, and contains no changes or erasures.

The content of this translation is a Vehicle Information report issued by the Puerto Rico Department of Transportation and Public Works, Office of Driver Services on September 13, 2021.

In Cambridge, Massachusetts, on September 16, 2021.

*[signature]*

**Joaquín Font**
**Font Translations**
**Calle Calaf 400, Suite 268, San Juan, PR 00918**
**Toll-Free Tel. & Fax: 1-877-JOAQUIN (562-7846)**
e-mail: fonttranslations@gmail.com